PATIENCE DRAKE ROGGENSACK, C.J.
¶ 65. (concurring in part, dissenting in part). I concur with the conclusion of the majority opinion that the questions presented are questions of statutory interpretation, not of standing.[1] I also concur that Albert D. Moustakis, the Vilas County District Attorney, is not an employee within the definition set out in Wis. Stat. § 19.32(lbg), although I do not agree with all of the majority opinion's reasoning upon which its statutory interpretation is based.
¶ 66. I dissent because the majority opinion chooses not to address obligations of the Department of Justice (DOJ) under Wis. Stat. § 19.356(9)(a) and (b), which must be met prior to release of the public records that the Lakeland Times seeks.[2] Nothing in the record shows that Moustakis received the notice required by § 19.356(9)(a), and without notice sufficient to satisfy § 19.356(9)(a) and (b), the DOJ is without statutory authority to release records that are at issue here. Accordingly, I would rein *710 state Moustakis's action under the public records law that the circuit court dismissed, and I respectfully concur in part and dissent in part from the majority opinion.
I. BACKGROUND
¶ 67. The majority opinion ably narrates the factual background for the case before us; therefore, I will set out only those facts necessary to enable the reader to follow my discussion below.
¶ 68. Although the record is far from clear, apparently an allegation was made that Moustakis was not properly carrying out the functions of his office as Vilas County District Attorney. The DOJ investigated the allegation and determined it was without merit. The Lakeland Times newspaper made a public records request of the DOJ asking for records that relate to the DOJ's investigation.
¶ 69. Moustakis believes he has rights relative to the release of the DOJ's records of the investigation pursuant to various subsections of Wis. Stat. § 19.356. The DOJ does not agree. Accordingly, Moustakis filed this action to enforce what he believes are his statutory rights relative to the requested records.[3] The circuit court agreed with the DOJ, and dismissed Moustakis's claims under Wisconsin's public records law. The court of appeals affirmed.
*711 II. DISCUSSION
A. Standard of Review
¶ 70. In order to answer the questions presented but unaddressed by the majority opinion, I interpret and apply Wis. Stat. § 19.356(9)(a) and (b). Statutory interpretation and application present questions of law that we decide independently, while benefitting from the discussions of the court of appeals and the circuit court. State v. Hanson, 2012 WI 4, ¶ 14, 338 Wis. 2d 243, 808 N.W.2d 390.
B. Statutory Interpretation
¶ 71. Moustakis contends that" [a]t the barest of mínimums, the court system must have standing to address the failure of a custodian to provide a Wis. Stat. § 19.356(9) notice where applicable prior to the release of a record."[4] The DOJ has asserted that it is not required to provide Moustakis with notice under § 19.356(9)(a) because he "is not entitled to invoke 19.356."[5]
¶ 72. Statutory interpretation begins with the plain meaning of the words chosen by the legislature. Wis. Indus. Energy Group, Inc. v. Public Serv. Comm'n of Wis., 2012 WI 89, ¶ 15, 342 Wis. 2d 576, 819 N.W.2d 240. If their meaning is plain, we apply that meaning and go no further. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. However, if a statute is " 'capable of being understood by reasonably well-informed persons in two or more senses', then the statute is ambiguous." Watton v. *712 Hegerty, 2008 WI 74, ¶ 15, 311 Wis. 2d 52, 751 N.W.2d 369 (quoting Kalal, 271 Wis. 2d 633, ¶ 47).
¶ 73. Wisconsin Stat. § 19.356(9) is my focus. It states in relevant part:
(a) Except as otherwise authorized or required by statute, if an authority decides under s. 19.35 to permit access to a record containing information relating to a record subject who is an officer ... holding a local public office or a state public office, the authority shall, before permitting access and within 3 days after making the decision to permit access, serve written notice of that decision on the record subject.... The notice shall briefly describe the requested record and include a description of the rights of the record subject under par. (b).
(b) Within 5 days after receipt of a notice under par. (a), a record subject may augment the record to be released with written comments and documentation selected by the record subject. Except as otherwise authorized or required by statute, the authority under par. (a) shall release the record as augmented by the record subject.
f 74. The DOJ agrees that Moustakis is an officer holding state public office. However, the DOJ asserts that Moustakis has no right to prior notice of an impending release of public records. The DOJ asserts that it gave Moustakis prior notice simply as a "courtesy."[6]
¶ 75. Wisconsin Stat. § 19.356(9)(a) is not an example of artful drafting, which has generated part of Moustakis's argument that he is an employee within the meaning of Wis. Stat. § 19.32(lbg). However, the application of § 19.356(9)(a) in regard to notice re *713 quirements for the case before us is plain. This is so in part because Moustakis is the Vilas County District Attorney and in part because the DOJ has the records under consideration. Therefore, Moustakis comes within the plain meaning of § 19.356(9)(a), which describes an "officer . . . holding ... a state public office," and the DOJ comes within "the authority" in possession of the public records at issue.
¶ 76. In regard to notice, the plain meaning of Wis. Stat. § 19.356(9)(a) imposes statutory obligations that the DOJ must meet before it can release public records that relate to this record subject (Moustakis) who is an "officer" who holds "state office."
¶ 77. For example, Wis. Stat. § 19.356(9)(a)'s directive which begins as: " [T]he authority shall, before permitting access . . . serve written notice of that decision on the record subject," imposes affirmative obligations on the DOJ prior to release of these public records. Id. First, the DOJ must give Moustakis written notice. Id. Second, the notice must be given three days prior to release of the records. Id. Third, notice must be served on Moustakis either by certified mail or personal service. Id. Fourth, the written notice must briefly describe the records at issue. Id. Fifth, the written notice must inform Moustakis that he has five days after "receipt of a notice" in which to exercise his right to augment the records. Wis. Stat. § 19.356(9)(b). Sixth, the DOJ must explain that Moustakis may augment the records with "written comments and documentation" of his choice. Id. And finally, if Moustakis augments the records, the notice must provide that the DOJ shall release the records as augmented by Moustakis. Id.
¶ 78. "Wisconsin has a long history of holding public employees accountable through providing corn- *714 píete public access to records that will assist in the public's review." Schill v. Wis. Rapids Sch. Dist., 2010 WI 86, ¶ 212, 327 Wis. 2d 572, 786 N.W.2d 177 (Roggensack, J., dissenting). I dissented in Schill because the lead opinion and the concurrence prevented access to emails that teachers received on work computers during work time in contravention to Wisconsin's tradition of open government. Id., f 211.
¶ 79. The notice of Wis. Stat. § 19.356(9)(a) promotes open government. It increases transparency in regard to actions taken in the course of governmental business because it permits both sides of a concern to be placed before the public. The § 19.356(9)(a) notice is also an important aspect of fundamental fairness to public officers, who serve the people of Wisconsin. Dismissal of Moustakis's public records action stands in the way of both policies, which are supportive of good government. Accordingly, I would hold that the records at issue here cannot be released at this time due to the DOJ's failure to fulfill its statutory obligations related to the release of the records to Lakeland Times.
III. CONCLUSION
¶ 80. I dissent because the majority opinion chooses not to address obligations of the DOJ under Wis. Stat. § 19.356(9)(a) and (b), which must be met prior to release of the public records that the Lakeland Times seeks. Nothing in the record shows that Mousta-kis received the notice required by § 19.356(9)(a), and without notice sufficient to satisfy § 19.356(9)(a) and (b), the DOJ is without statutory authority to release records that are at issue here. Accordingly, I would reinstate Moustakis's action under the public records *715 law that the circuit court dismissed, and I respectfully concur in part and dissent in part from the majority opinion.
¶ 81. I am authorized to state that Justices ANNETTE KINGSLAND ZIEGLER and MICHAEL J. GABLEMAN join this concurrence/dissent.

 Majority op., ¶ 3 n.2.

 Id., ¶¶ 53, 60-61.

 Moustakis subsequently amended his complaint to assert constitutional and common law rights. Those claims remain in the circuit court and are not part of this review.

 Br. of Pl.-Appellant-Pet'r at 19.

 Tr. of April 3, 2014 Proceedings at 17.

 Id